## 66893. HAGEN v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of arson. In his sole enumerated error, he maintains that the trial court erroneously ruled that certain hearsay testimony was admissible under the res gestae exception. OCGA § 24-3-3 (Code Ann. § 38-305).

1. Two women testified that appellant's wife told them that her husband said he was going to set the house on fire. Mrs. Hagen, citing OCGA § 24-9-23 (Code Ann. § 38-1604), declined to testify at her husband's trial. The trial court admitted the testimony of the two women after concluding that Mrs. Hagen's remark was part of the res gestae.

"[A] trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State,* 249 Ga. 223, 228 (290 SE2d 71). We apply here the same test the Supreme Court used in *Andrews:* " 'We ask, do not [her words] elucidate the facts with which they were connected? Were not the Jury authorized to believe that they were made without premeditation or artifice, and without a view to the consequences? We think so, unquestionably.' *Hart [v. Powell,* 18 Ga. 635, 640]." Id., p. 225. The ruling of the trial judge was not clearly erroneous.

2. Pointing out that the declarant, Mrs. Hagen, did not take the stand at trial, appellant asserts that the testimony about the res gestae remark was inadmissible because he was not able to confront the declarant (Mrs. Hagen), in violation of his confrontation rights under the Sixth Amendment.

By its very nature, the admission of hearsay testimony thwarts a defendant's right to confront the declarant. The exceptions to the rule excluding hearsay are exceptions because, for one reason or another, remarks which fall under that penumbra are deemed reliable. So long as the hearsay statement contains some "indicia of reliability," it may be placed before the jury though there is no confrontation of the declarant. *Mooney v. State,* 243 Ga. 373 (3) (254 SE2d 337). The trial court's determination that the statement was part of the res gestae, which determination we have already approved, makes it clear that "indicia of reliability" were present, e.g., the statement was non-narrative, the declarant was shown by the evidence to know of what she spoke; the witnesses were not apt to be proceeding on faulty recollection; and the circumstances showed that the declarant had no apparent reason to lie to the witnesses. Id., p. 390. Thus, the hearsay statement was admissible despite appellant's

inability to confront the declarant.

Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.

DECIDED NOVEMBER 22, 1983 —
REHEARING DENIED DECEMBER 12, 1983.

E. Kontz Bennett, Jr., for appellant.

C. Deen Strickland, District Attorney, Harry D. Dixon, Jr., Richard E. Currie, Assistant District Attorneys, for appellee.